IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRIE CARLSON SANDAU,
         Plaintiff,

CV. 07-632-PK

FINDINGS AND
v.                                                      RECOMMENDATION

JOHN A. WOOD, CHRISTOPHER CASS,
and CITY OF PORTLAND,
                   Defendants.

PAPAK, Magistrate Judge:

This action was filed by plaintiff Sherrie Carlson Sandau in April 2007 against

defendants City of Portland and Portland Police Bureau patrol officers John A. Wood and

Christopher Cass.  Sandau's complaint articulates two separate Section 1983 claims, premised

respectively on her rights under the Fourth and the Fourteenth Amendments, as well as a claim

for common-law battery.  This court has jurisdiction over the action pursuant to 28 U.S.C. §§

1331 and 1367.

Page 1 - FINDINGS AND RECOMMENDATION

Now before the court is defendants' motion to dismiss (#15).  Defendants argue that, under applicable Supreme Court and Ninth Circuit jurisprudence, as a matter of law Sandau may not maintain Section 1983 claims premised on violation of both the Fourth and the Fourteenth Amendment, where both putative claims arise out of the same facts.  This court has considered the parties' motions, all of the pleadings on file, and oral argument on behalf of the parties.  For the reasons set forth below, this court recommends that defendants' motion to dismiss be granted as to Sandau's Section 1983 claim premised on the violation of her Fourteenth Amendment rights only.

## LEGAL STANDARD

Dismissal pursuant to Federal Civil Procedure Rule 12(b)(6) for failure to state a claim should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Kahle v. Gonzales*, 474 F.3d 665, 667 (9th Cir. 2007), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also* Fed. R. Civ. P. 8(a).  Dismissal is likewise appropriate where the plaintiff fails to allege any cognizable legal theory upon which relief can be granted.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  "In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).  In considering a motion to dismiss, this court accepts all of the allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *See Kahle*, 474 F.3d at 667.

## FACTUAL BACKGROUND

On July 7, 2005, Sandau suffered a concussion in a fall from a ladder which resulted in

Page 2 - FINDINGS AND RECOMMENDATION

temporary disorientation, impaired motor skills, headache, and grogginess. Early the following morning, at approximately 5:30 a.m., Sandau awoke and, in a state of disorientation, struck her window with her hand approximately eight times. Sandau's neighbor, interpreting Sandau's action as harassment, called the Portland Police Bureau.

At approximately 6:00 a.m. that morning, Sandau was reawakened by the arrival of officers Wood and Cass. Wood and Cass directed her to stop "banging" her window. The officers then departed and Sandau returned to bed.

Shortly thereafter, Sandau was awakened for a third time, this time by the return of officers Wood and Cass, now accompanied by two female mental health workers. Wood and Cass forcibly entered Sandau's home before Sandau was able to answer the door, and immediately placed Sandau into custody. Sandau was handcuffed, and officer Wood held her with sufficient force to cause significant bruising.

At the time defendants Wood and Cass entered Sandau's home, Sandau was clothed only in a tank top, with no clothing on the bottom half of her body. Sandau requested that she be permitted to put on additional clothing, but her request was ignored. Sandau was brought outside to the officers' patrol car while shackled and nearly nude, in which state she was exposed to the public view. The officers then brought Sandau to the Justice Center where she was held for a period of time during which her mug shot was taken, her nudity was remarked upon, and a Justice Center employee further exposed her body by lifting her shirt, before she was given pants to wear. Sandau was held for an additional eight or nine hours in a cell lacking running water or a functional toilet. Sandau was never arrested, but upon release she was issued a citation for harassment and disorderly conduct.

Page 3 - FINDINGS AND RECOMMENDATION

On December 22, 2005, Sandau issued a tort claims notice to the City Attorney of the City of Portland.  This action followed.

## ANALYSIS

Defendants move to dismiss Sandau's Section 1983 claim premised on the violation of her Fourteenth Amendment rights only or, in the alternative, to dismiss her Section 1983 claim premised on the violation of her Fourth Amendment rights only.  The parties do not dispute that Sandau was in police custody at all times material to the events complained of in Sandau's first amended complaint.

In 1989, the United States Supreme Court held that:

> *[A]ll* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach.

*Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis original); *see also Reed v. Hoy*, 891 F.2d 1421, 1424 (9th Cir. 1989) ("the fourth amendment is the specific constitutional provision governing the right of free citizens to be free from law enforcement officials' use of excessive force in the context of an arrest or investigatory stop").

Subsequently, in 2001, the Ninth Circuit made clear that allegations of sexual misconduct by law enforcement personnel falls within the analytic framework established by the Supreme Court's excessive force jurisprudence:

> [E]ven though [sexual misconduct by police officers involving invasion of privacy and/or intrusion on one's bodily integrity] does not involve excessive force in the traditional sense, it still falls within the Fourth Amendment.  The Fourth Amendment's requirement that a seizure be reasonable prohibits more than the unnecessary strike of a nightstick, sting of a bullet, and thud of a boot.

*Fontana v. Haskin*, 262 F.3d 871, 878 (9th Cir. 2001); *see also Headwaters Forest Def. v.*

Page 4 - FINDINGS AND RECOMMENDATION

*County of Humboldt*, 240 F.3d 1185, 1199 (9th Cir. 2001) ("Although the absence of deadly

force or physical blows can mean that an intrusion on an arrestee is less significant than most

claims of force, that fact alone is not dispositive in excessive force cases") (internal quotation

marks, citation omitted).  The *Fontana* court summarized as follows:

> Sexual misconduct by a police officer toward another generally is analyzed under
> the Fourteenth Amendment; sexual harassment by a police officer of a criminal
> suspect during a continuing seizure is analyzed under the Fourth Amendment.

*Fontana*, 262 F.3d at 882.

As currently pled, the allegations of Sandau's complaint make clear that the officers'

complained-of behavior took place solely in the context of a continuing seizure that did not

ultimately mature into an arrest.  Under the Supreme Court and Ninth Circuit jurisprudence cited

above, defendants' conduct must be analyzed under the Fourth Amendment rather than under the

substantive due process rights afforded by the Fourteenth Amendment.  This court therefore

recommends that defendants' motion to dismiss be granted as to Sandau's second claim for relief

only, alleging violation of her Fourteenth Amendment right to substantive due process.

## CONCLUSION

For the reasons set forth above, this court recommends that defendants' motion to dismiss

(#15) be granted as to Sandau's Section 1983 claim premised on the violation of her Fourteenth

Amendment substantive due process rights only.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District

Judge for review.  Objections, if any, are due October 16, 2007.  If no objections are filed,

review of the Findings and Recommendation will go under advisement on that date.  If

Page 5 - FINDINGS AND RECOMMENDATION

objections are filed, a response to the objections is due fourteen days after the date the objections

are filed and the review of the Findings and Recommendation will go under advisement on that

date.


        Dated this 2nd day of October, 2007.


                                            /s/  Paul Papak
                                           Honorable Paul Papak
                                           United States Magistrate Judge