IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHERRIE CARLSON SANDAU,

        Plaintiff,

    v.

JOHN WOOD, et al.,

        Defendants.

No. CV 07-632-PK

OPINION & ORDER

**MOSMAN, J.,**

    Plaintiff Sherrie Sandau filed this 42 U.S.C. § 1983 civil rights action against John Wood and Christopher Cass, police officers for the Portland Police Bureau acting in their individual capacities, and the City of Portland, alleging:  (1) Defendants violated her Fourth Amendment rights to be free from unreasonable seizure and intrusion upon bodily integrity by entering her home without warrant or probable cause, grabbing her hard enough to leave bruises, and handcuffing her and forcibly removing her from her home while she was unclothed from the waist down, despite her pleas to be allowed to get dressed; and (2) Defendants violated her fundamental rights to bodily integrity and privacy under the substantive due process provisions of the Fourteenth Amendment rights, based upon the aforementioned events.  Defendants filed a

PAGE 1 - OPINION & ORDER

Fed. R. Civ. P. 12(b)(6) motion to dismiss Ms. Sandau's Fourteenth Amendment claim, arguing that because Ms. Sandau's allegations arose during the course of an arrest, they are properly analyzed under the Fourth Amendment. Alternatively, Defendants moved to dismiss Ms. Sandau's Fourth Amendment claim only.

On October 2, 2007, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#24) recommending that Defendants' Motion to Dismiss (#15) be granted as to Ms. Sandau's Fourteenth Amendment claim only. Ms. Sandau filed timely objections (#25) to the F&R asserting that (1) the magistrate judge erred in applying *Fontana v. Haskin*, 262 F.3d 871 (9th Cir. 2001), because *Fontana* did not involve a violation of the plaintiff's privacy, but rather a sexual harassment claim; (2) the magistrate judge's reliance on *Graham v. Connor*, 490 U.S. 386 (1989), was also misplaced because that case governs only claims involving accusations of excessive force; and (3) the dismissal of Ms. Sandau's Fourteenth Amendment claim is contrary to the permissive pleading system of the Federal Rules of Civil Procedure.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The district court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. Where objections have been made, I conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(c). However, I am not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In either case, the court is free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(c)). Upon review, I agree with Judge Papak's recommendation, and I ADOPT the F&R as my own opinion, with the following modifications.

In her objections, Ms. Sandau asserts that because her case involved neither the use of excessive force (as in *Graham*), or sexual harassment (as in *Fontana*), the magistrate judge's reliance upon these cases to dismiss her Fourteenth Amendment claim was inappropriate.

PAGE 2 - OPINION & ORDER

Although Ms. Sandau is correct that factual differences exist between her claim and the facts of *Fontana* and *Graham*, these cases, when read together, nevertheless establish that her Fourteenth Amendment claim should be dismissed.

In *Graham*, the Supreme Court firmly established that "*all* claims that law enforcement officers have used excessive force . . . in the course of an arrest . . . should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). However, Ms. Sandau argues that this rule does not apply to her claim because her Fourteenth Amendment claim involves an invasion of privacy based upon her involuntary partial nudity during the arrest. This forced public exposure, she argues, does not constitute "excessive force," and therefore *Graham* does not apply. This argument fails to account for *Fontana*, however, in which the Ninth Circuit established a broad interpretation of police behavior that constitutes "excessive force." *Fontana*, 262 F.3d at 878-80. Although the plaintiff in *Fontana* was subjected to the arresting officer "putting his arm around plaintiff; massaging her shoulders," *id.* at 875, rather than physical blows, the Ninth Circuit applied the *Graham* framework, stressing that, "even though this case does not involve excessive force in the traditional sense, it still falls within the Fourth Amendment." *Id* at 878. Like the *Fontana* plaintiff, Ms. Sandau's claim does not involve "excessive force" in the traditional sense, but does concern allegedly inappropriate police behavior that occurred during the course of an arrest. Because of the broad interpretation of "excessive force" established in *Fontana*, Ms. Sandau's claim, though factually different from *Fontana*, should nevertheless be analyzed under the framework established in *Graham*.

Ms. Sandau also argues that because the Ninth Circuit has recognized a fundamental right of privacy in shielding one's naked body from public view under the Fourteenth Amendment, her substantive due process claim should be upheld. *See Grummet v. Rushen*, 779 F.2d 491 (9th Cir. 1995) (allowing prisoners to bring substantive due process privacy claims against prison guards who observed them while showering and undressing); *see also York v. Story*, 324 F.2d 450 (9th

Cir. 1963) (allowing witness who was forced to undress while being questioned at a police station to assert a Fourteenth Amendment violation of privacy claim).  However, neither of these cases involved a search or seizure that occurred during the course of an *arrest. Fontana* establishes that improper police behavior that occurs *during the course of an arrest* should be analyzed under a Fourth, rather than a Fourteenth Amendment framework.  *Fontana,* 262 F. 3d at 878.  ("The Fourth Amendment protects a criminal defendant after arrest on the trip to the police station.")  While the Ninth Circuit has recognized a right of privacy under the Fourteenth Amendment in shielding one's naked body from view in certain circumstances, the pivotal events of this case occurred during the course of an arrest, and they must therefore be analyzed under the *Graham* framework.  Finally, I reject Ms. Sandau's argument that the dismissal of her Fourteenth Amendment claim at this point in the proceedings violates the liberal pleading requirements of Rule 8.  Ms. Sandau's Fourteenth Amendment claim fails on legal grounds, and thus would not be benefitted by additional factual inquiry.  Because Ms. Sandau's Fourteenth Amendment claim is without legal merit, dismissal at this juncture is appropriate.

Accordingly, with the above modifications, I ADOPT the magistrate judge's Findings & Recommendation.

IT IS SO ORDERED.

DATED this  6th  day of February, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

PAGE 4 - OPINION & ORDER